# TRIELOFF *v.* ROBB

No. 2936

March 5, 1932.                              8 P.(2d)956.

*N. J. Barry,* for Appellant:

*Green & Lunsford,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

The appellant, Amelia Trieloff, sued the respondent, Clement D. Robb, to recover damages for personal injuries alleged to have been sustained by her while

riding with him in his automobile as his invited guest. Respondent interposed a general demurrer to appellant's complaint, which was sustained. Appellant elected to stand on her complaint, whereupon, on motion, judgment of dismissal of her action was entered, from which judgment she appeals.

In the complaint, as amended, for cause of action it was alleged that on January 6, 1929, the defendant, at the city of Reno in Washoe County, Nevada, invited plaintiff to ride with him in his automobile as his guest; thereupon they proceeded in defendant's automobile along the public highway from Reno to Verdi; that there was no snow on the ground at Reno, but at Verdi there was a little snow and the highway was becoming slick and icy in places; that plaintiff feared if they proceeded up the Truckee River canyon west of Verdi the highway would become more and more slippery and dangerous; that the 6th day of January, 1929, was a Sunday; that plaintiff had heard there was danger on Sunday of meeting automobiles driven by drunken drivers on the highway between Verdi and Truckee; that when they reached Verdi plaintiff, because of her fears, as aforesaid, insisted that defendant turn his automobile around and return to the city of Reno, and then and there stated to defendant that she was afraid of the highway on Sunday and strenuously insisted that defendant not travel the road, but that he immediately turn his automobile around and return to Reno, where the roads were less dangerous; that plaintiff was very much in earnest in demanding that defendant turn his automobile around at Verdi and return to Reno; that she begged and implored the defendant not to go up the road and explained to him her fears, but that defendant treated her request as a joke and flippantly refused and treated her request in a light and frivolous manner, his reply thereto being, "Applesauce"; that he proceeded to drive on the highway to a point at the west end of a bridge that crosses the Truckee River immediately west of Verdi; that as the automobile passed the west end of the bridge they

observed a car coming in a northeasterly direction toward the bridge at a furious rate of speed on the left-hand side of the road; that defendant immediately shifted his automobile into second gear and forced it as far as possible to the extreme right-hand side of the road; that defendant had a horn on his automobile in good workable condition; that defendant negligently failed and neglected to blow said horn so as far as possible to give the driver of the oncoming car warning of the presence of his car; that defendant had plenty of time to have blown his horn so as to have called the attention of the driver of the approaching car to the presence of defendant's car and in time for the former to have avoided a collision; that the driver of the approaching car was drunk and took no notice of defendant's car and crashed into it, striking the same on the left front portion thereof and almost completely demolishing it; that in the collision plaintiff's neck was fractured, causing a partial paralysis from which plaintiff has never recovered and which injury left plaintiff with a stiff neck that gives her constant pain from pressure on the spinal cord of plaintiff's body; that plaintiff was badly scarred on her head and face, and that her face was permanently disfigured; that plaintiff had no control over defendant's car and was in no wise responsible for its management or the course that defendant took in driving his car; that plaintiff was led to believe that the drive was being taken solely for the pleasure it would give plaintiff, and for no other object or purpose; that the injuries inflicted upon plaintiff, as aforesaid, were not the result of any negligence on her part, but were caused by the concurrent negligence of the drunken driver and the want of reasonable care on the part of the defendant, which he owed the plaintiff as his guest, and by defendant's negligence in refusing to comply with plaintiff's request and insistence that defendant turn his car around at Verdi and return plaintiff to Reno and that he not proceed up the Truckee River canyon on said highway, and by the failure of defendant to heed the request and warning of

plaintiff in proceeding up said road, and by defendant's negligence in failing to blow his horn and give warning to said drunken driver. In consequence of her injuries, pain and suffering, medical care, hospital fees, nurses' hire, and loss of employment resulting from said collision, plaintiff demanded judgment against defendant for the sum of $7,500.

Counsel for plaintiff in error asserts that there are but three questions involved on this appeal: (1) Was the defendant negligent when he refused to comply with plaintiff's request, not to say demand, that he immediately return her to Reno, in the face of plaintiff's insistence that the road up the canyon was dangerous and in the face of her warning that they were liable to meet a drunken driver and suffer injury? (2) If defendant were negligent in practically forcing plaintiff to continue with him up the canyon, was he relieved of such negligence by the intervention of the acts of the drunken driver? (3) Was the alleged negligence of defendant a question of law to be decided by the court or was it a question of fact to be submitted to a jury?

If the first question, as propounded, be decided in the negative, it would seem to be decisive of the case. This court in one case has had occasion to hold that an automobile driver is liable for injuries received by his guest through his negligence; that an automobile driver owes his guest the duty to exercise reasonable care in the operation of his automobile and not to unreasonably expose to danger and injury his guest by increasing the hazard of that method of travel; that he must exercise the care and diligence which a man of reasonable prudence engaged in like business would exercise for his own protection and the protection of his family and property, a care which must be reasonably commensurate with the nature and hazards attending this particular mode of travel; that ordinary and reasonable care is the measure of the host's duty. Thorne et al. v. Lampros, 52 Nev. 417, 288 P. 601.

Counsel for plaintiff, in his oral argument, as well as in his opening brief, asserts that no case like the present

in point of its facts can be found in the books, and that only by analogies and reason can the defendant be held responsible for his client's injury. With all respect to counsel, learned in the law, the analogies presented and the reasoning employed are not convincing. Conceding the right of a guest to make known to her host her fear that to continue further along a particular highway might result in injury from a collision such as that described in the complaint under review, it cannot be said that as a matter of law the defendant host was bound to anticipate that further travel on the highway would involve an unreasonable risk to his guest, even though her fears are shown to have been well grounded. There is nothing in the complaint to show that the defendant knew or in the exercise of ordinary care should have known that there would be danger of a collision such as that described in the complaint. The demurrer to the complaint was properly sustained, in that it does not charge actionable negligence on the part of the defendant or the violation of any legal right of the plaintiff.

The other questions presented and discussed are questions of fact which have no place on demurrer.

The judgment is affirmed.

DUCKER, J., concurring:

I concur in the order. The main contention of appellant in this case is that the allegations of the complaint show concurrent negligence on the part of respondent and the driver of the other automobile which caused the accident and resultant injuries to appellant. The question for determination then is, Do the allegations of the complaint show negligence on the part of respondent?

■ The failure to blow the horn is not much insisted upon, nor can it be. The accident occurred in the afternoon, and the other driver was drunk, and driving on the left side of the highway at a furious rate of speed. Respondent's automobile was in plain view. Under these circumstances it is highly probable that the sounding of the horn would not have averted the collision. It

would have given the drunken driver of the on-coming automobile no knowledge that he did not already have of the position of the respondent's automobile. It cannot be inferred, therefore, that the failure to sound the horn contributed to the accident.

The point insisted upon as showing negligence on the part of respondent is his refusal to heed appellant's request and demand that he turn his automobile around and return to the city of Reno. This request and demand were made, it is alleged, because appellant had heard that there was danger on Sunday of meeting automobiles driven by drunken drivers on the highway between Verdi and Truckee. Out of deference for the fears of his guest it would have been a considerate act for respondent to have acceded to her wishes, but can it be said that his refusal amounted to a breach of any legal duty resting upon him? He was traveling on a highway constructed for the business and pleasure of the public. His presence on the highway was therefore by sanction of the state, and he had the right to presume that it was free from dangers not of an exceptional nature. He was charged with the exercise of that reasonable care which a reasonable and prudent person would be expected to exercise under the same or similar circumstances. If the respondent had kept on going up the highway in the face of apparent danger and against the protest of his guest, his action would have been legally censurable. But the mere expression of fear by a guest in an automobile of danger not apparent and based on rumor is, in my opinion, not sufficient to charge the driver with the duty of quitting a public highway on demand of the guest. Under such circumstances, one refusing to discontinue a pleasure trip would be delinquent in manifesting a lack of consideration for the feelings of his guest, but the essential element of legal liability, namely, lack of reasonable care, would be absent. When the danger became apparent, respondent acted as a person of ordinary prudence would have acted under the same or similar circumstances.